**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, | : : : |
| Plaintiff, | : : |
| v. | :   CIVIL ACTION NO. : 1:09-CV-3527-RWS : |
| TRAUNER, COHEN & THOMAS, LLP, *et al.*, | : : : |
| Defendants. | : |

**ORDER**

This case comes before the Court on Defendant NCO Financial Systems, Inc.'s ("NCO") Motion for Reconsideration [125] of this Court's January 19, 2011 Order [120]. After considering the record, the Court enters the following Order.

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). However, a motion

for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259. Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

The Court has considered Defendant's arguments, most of which were presented at the January 18, 2010 hearing in this matter. Defendant's Motion [125] does not present newly discovered evidence or an intervening development or change in controlling law, and NCO has not demonstrated a need to correct a clear error of law or fact. NCO's Motion for Reconsideration [125] is **DENIED**.

**SO ORDERED**, this   25th   day of April, 2011.

_____
**RICHARD W. STORY**
United States District Judge